IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTINE GRIEGO,

    Plaintiff,

v.                                                  CIV 11-0192 LH/KBM

WAL-MART STORES EAST L.P.

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Defendant's Motion for Protective Order [Doc. 51]. This is a slip and fall case, and Defendant seeks to prohibit a Rule 30(b)(6) deposition from taking place asserting that the deposition is not reasonably calculated to lead to admissible evidence and will cause annoyance, embarrassment, oppression and an undue burden to Wal-Mart. For the reasons set forth below, the Motion is denied.

    Ernestine Griego alleges that she slipped and fell on some spilled yogurt at the Grants, New Mexico Wal-Mart store. There appears to be conflicting evidence about when the yogurt was spilled and how long it was on the floor. Plaintiff wishes to schedule a Rule 30(b)(6) deposition to ascertain three things: (1) Wal-Mart's policies and procedures for monitoring its in-store surveillance cameras; (2) when the yogurt case was last stocked before the Plaintiff's fall; and (3) when the area in question was last swept or cleaned prior to the fall. *See* Doc. 59, Exhibit 3 thereto.

    Defendant seeks a protective order, arguing that no store is responsible for following its customers around with a broom and therefore no store is responsible for

constant monitoring of its video equipment to ascertain any nascent dangers to the public. In New Mexico, "a plaintiff seeking to hold a premises owner liable for a slip-and-fall accident must show that the owner 'failed to exercise ordinary care by rendering safe an unreasonably dangerous condition on the premises.'" *Caldwell v. Wal-Mart Stores, Inc.*, 229 F.3d 1162, 2000 WL 1335564, *3 (10th Cir. 2000) (unpublished opinion) (quoting *Brooks v. K-Mart Corp.*, 964 P.2d 98, 101 (N.M. 1998)).

Whether the failure to constantly monitor security cameras is required to establish a lack of "ordinary care" goes to the issue of admissibility of evidence, not its discoverability. The proposed questions for the 30(b)(6) deposition all appear facially relevant, and therefore the Court will deny the motion for protective order.

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order [Doc. 51] is denied.

IT IS SO ORDERED.

_____
Karen B. Molzen
United States Chief Magistrate Judge