IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ERNESTINE GRIEGO,

    Plaintiff,

v.                                                     Civ No. 11-192  LH/KBM

WAL-MART STORES EAST L.P.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the 56(d) Affidavit of Narciso Garcia, Jr., (Doc. 32), filed August 12, 2011.  In the affidavit, counsel for Plaintiff maintained that it was necessary for Plaintiff to conduct further discovery before she could fully respond to Defendant's Motion for Summary Judgment.[1]  The Court, having considered the affidavit, the briefs of the parties, and the applicable law, and otherwise being fully advised finds that the motion will be **granted in part** and **denied in part** and that Plaintiff will be permitted to submit a supplemental response to Defendant's Motion for Summary Judgment supported by discovery that was conducted after the filing of the 56(d) affidavit.

Accordingly, the Court's ruling on Defendant's Motion for Summary Judgment will be deferred pending Plaintiff's supplemental response, which Plaintiff must file **within fourteen (14) days** from her **receipt of the transcripts** of Kimberly Smith, Roxanne Andrews, Diana

---

[1] Subsequent to Defendant's initial Motion for Summary Judgment (Doc. 22), it also filed a second dispositive motion, which is entitled "Wal-Mart's Motion for Partial Summary Judgment on Duty to Monitor its Video Surveillance Equipment" (Doc. 50).  Reference herein to "Defendant's Motion for Summary Judgment," however, is limited to Defendant's initial motion (Doc. 22), which asks the Court to determine, as a matter of law, that the period of time between the spill of yogurt and Plaintiff's fall was too slight to give Defendant constructive notice of the potentially dangerous condition.

Gurule, and Defendant's 30(b)(6) representative, or **within fourteen (14) days of this Memorandum Opinion and Order**, **whichever is later.**  Defendant, in turn, will be permitted to file a reply to any supplemental response of Plaintiff within fourteen (14) days of service of such response.  Thereafter, Defendant's Motion for Summary Judgment will be considered fully-briefed and ripe for a determination by this Court.

If, on the other hand, Plaintiff opts to forego filing a supplemental response, she shall notify the Court as soon as practicable, so as to not delay a determination of Defendant's Motion for Summary Judgment.  In an effort to avoid delay, if Plaintiff has not filed a supplemental response by the motions deadline, **November 8, 2011**, and Plaintiff has not otherwise advised the Court that a supplemental response is forthcoming, the Court will consider Defendant's Motion for Summary Judgment fully-briefed and will thereafter issue a decision in that regard.

**I.  INTRODUCTION AND BACKGROUND**

Plaintiff filed her initial complaint on November 29, 2010, in the Thirteenth Judicial District Court, State of New Mexico, County of Cibola.  (Doc. 1, Ex. A, at 1-2.)  Then, she filed an Amended Complaint for Damages for Bodily Injury on February 3, 2011, substituting Defendant "Wal-Mart Stores East L.P" for former Defendant "Wal Mart Store No. 2652."  (Doc. 1, Ex. A, at 3-4.)  In her Amended Complaint, Plaintiff alleged that, while she was shopping at a Grants Wal-Mart store on May 11, 2009, she slipped on yogurt that was on the floor and sustained injuries.  (*Id*.)  Plaintiff asserts a negligence claim against Defendant.  (*Id*.)

Defendant removed the matter to this Court on March 1, 2011.  (Doc. 1.)  On June 24, 2011, Defendant filed its Motion for Summary Judgment, well before the September 27, 2011 discovery deadline and the November 8, 2011 motions deadline.  Defendant's Motion for Summary Judgment is supported by the affidavit of witness Daquerie Morlang, who stated that

her one-year-old son threw a container of yogurt on the store floor, that she remained at the site of the yogurt spill while her oldest son attempted to summon store personnel, and that only a few minutes passed before Plaintiff slipped on the yogurt and fell. (Doc. 22, Ex. 1.) Defendant argues that, given the undisputed testimony of Ms. Morlang, Plaintiff cannot prove that Defendant had sufficient time to gain any actual or constructive knowledge of the spilled yogurt. (Doc. 22, at 1.) On August 12, 2011, Plaintiff both responded to Defendant's Motion for Summary Judgment, arguing that issues of material fact exist due to inconsistencies in the affidavit and deposition testimony of Ms. Morlang, and filed an affidavit under Fed. R. Civ. P. 56(d) requesting additional discovery and a continuance.

In the 56(d) affidavit, Plaintiff's counsel explained that Defendant first produced Ms. Morlang's affidavit, through discovery to Plaintiff, on June 22, 2011. Two days later, on June 24, 2011, Defendant filed its Motion for Summary Judgment supported by Ms. Morlang's affidavit. Upon receipt of the affidavit and summary judgment motion, Plaintiff attempted to schedule the deposition of Ms. Morlang and requested an extension for filing her response to Defendant's motion. Defense counsel agreed to extend the time for Plaintiff's response until ten (10) days after Plaintiff's receipt of Ms. Morlang's deposition transcript. Plaintiff filed her response thereafter but, as noted, also requested a continuance from the Court, under Fed. R. Civ. P. 56(d), filing the separate 56(d) affidavit the same day.

In the 56(d) affidavit, Plaintiff's counsel argued that "[i]n addition to the deposition of Ms. Morlang, which has now been taken, it is necessary for Plaintiff to conduct further discovery." (Doc. 32, at ¶ 18.) Plaintiff's counsel outlined the additional discovery that he maintained was necessary to fully respond to Defendant's Motion for Summary Judgment: 1) the depositions of Kimberly Smith and Marilyn Brown, two Wal-Mart employees who attended to

Plaintiff after she fell, to learn who notified them of the yogurt spill, the time of the notification, their location at the time of the notification, their communications with Plaintiff, whether they reviewed the video to determine when and by whom the yogurt was spilled, and the identity of the Wal-Mart employee who attended to Plaintiff before they arrived; 2) the depositions of Wal-Mart employees to determine its policies and practices concerning monitoring of videos to learn of spills and to determine if yogurt spills are recurring incidents; 3) the deposition of the Wal-Mart employee that last stocked the yogurt case; and 4) and the deposition of the Wal-Mart employee that last swept/cleaned the area in question to learn of Wal-Mart's policies and when the area was last swept, cleaned and inspected. (Doc. 32, at 3-4.) Plaintiff's counsel stated that he had been attempting to schedule the necessary depositions for several weeks. (*Id*. at 3.)

Defendant filed a Response in Opposition to Plaintiff' Request for a Continuance Pursuant to Rule 56(d), arguing that Plaintiff has not identified any person capable of providing testimony concerning the time of the yogurt spill relative to the time of Plaintiff's fall. Defendant also argued that Plaintiff previously suggested that Ms. Morlang's deposition alone would demonstrate a genuine issue of fact precluding summary judgment and that Plaintiff's 56(d) request contradicts the extension agreement between the parties.

Discovery closed on September 27, 2001, and according to the most recent briefs filed in this matter (*see* Doc. 67, filed September 21, 2011, and Doc. 73, filed October 5, 2011), the deposition of Marilyn Brown was taken on August 26, 2011, the deposition of Defendant's Rule 30(b)(6) representative on or about September 22, 2011, the deposition of Kimberly Smith on or about September 27, 2011, and the deposition of two additional witnesses of Plaintiff's fall,

Roxanne Andrews and Diana Gurule, on or about September 22, 2011.[2] Thus, it appears that Plaintiff has been able to conduct most of the requested discovery, even in advance of a ruling by this Court on the 56(d) Affidavit of Narcisco Garcia, Jr.[3]

## II. ANALYSIS

Under Fed. R. Civ. P. 56(d), which was formerly Fed. R. Civ. P. 56(f), a court may deny a motion for summary judgment or may order a continuance to permit discovery if it appears from the affidavits of a party opposing summary judgment that the party lacks the facts essential to oppose the motion. *See Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). Summary judgment should be refused when the nonmoving party has not had the opportunity to discover information necessary to her case. *Id.* When a party files a Rule 56(d) affidavit, she invokes the Court's discretion. *See Jenson v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). The 56(d) affidavit must detail the evidence a party expects to discover. *Jarvis v. Nobel/Sysco Food Serv. Co.*, 985 F.2d 1419, 1423 (10th Cir. 1993). Unless dilatory or lacking in merit, a Rule 56(d) motion should be liberally treated. *Jenson*, 998 F.2d at 1554.

The 56(d) Affidavit of Narcisco Garcia, Jr., filed on Plaintiff's behalf, detailed to a reasonable degree of specificity the evidence Plaintiff expected to discover from certain

---

[2] In her Response to Wal-Mart's Motion for Partial Summary Judgment on Duty to Monitor its Video Surveillance Equipment, Plaintiff noted that Ms. Brown's deposition had been taken and that the depositions of the Rule 30(b)(6) representative, Ms. Smith, Ms. Andrews, and Ms. Gurule were scheduled that same month. (*See* Doc. 67, at 2.) Then, in Defendant Wal-Mart's Reply in Support of its Motion for Partial Summary Judgment on Duty to Monitor its Video Surveillance Equipment, Defendant noted that Plaintiff has taken the depositions of five current and former Wal-Mart employees. (*See* Doc. 73, at 10.)

[3] Although Plaintiff has apparently been unable to depose the dairy department manager, as Defendant lost contact with him after his deposition was scheduled, (*see* Doc. 67, at 2) there is no indication when or if his deposition will be re-scheduled. Further, Plaintiff has not articulated how the testimony of the dairy department manager is critical to a determination of Defendant's Motion for Summary Judgment such that it should be deferred pending his deposition testimony.

deposition testimony. The request for a continuance does not appear to be dilatory nor wholly lacking in merit.  Furthermore, Plaintiff's 56(d) request was made in response to a dispositive motion that was filed well in advance of the discovery deadline, meaning that when the time came for Plaintiff to respond, she had engaged in only limited discovery.  Finally, the discovery most pertinent to the pending summary judgment motion – the depositions of Ms. Brown and Ms. Smith – have now already been accomplished, which minimizes any burden and delay on Defendant.  Accordingly, the Court will allow Plaintiff to submit a supplemental response to Defendant's Motion for Summary Judgment supported by discovery conducted after the filing of the 56(d) Affidavit of Narciso Garcia, Jr., including the deposition testimony of Ms. Brown and Ms. Smith.

However, with respect to the depositions of the Wal-Mart employee that last stocked the yogurt case and the Wal-Mart employee that last cleaned the area of the store in question, Plaintiff has not specifically demonstrated what attempts she has made to depose such persons, nor has she articulated how such testimony might create an issue of material fact precluding summary judgment.  As such, even though limited discovery may be forthcoming beyond the discovery deadline,[4] the Court will not continue or defer ruling on Defendant's Motion for Summary Judgment beyond the deferment herein.  Rather, the Court will only allow Plaintiff to support her supplemental response with discovery that has already been conducted or produced.

## III. CONCLUSION

For the reasons articulated herein, Plaintiff's 56(d) motion is hereby **granted in part** and

---

[4] According to Plaintiff's Response to Wal-Mart's Motion for Partial Summary Judgment on Duty to Monitor its Video Surveillance Equipment, Defendant has agreed to make the dairy department manager available for deposition beyond the discovery deadline.  (Doc. 67, at 2.)

**denied in part.**

**IT IS THEREFORE ORDERED** that Plaintiff's 56(d) request for a continuance is hereby **granted** but only to the extent that Plaintiff **may file a supplemental response** to Defendant's Motion for Summary Judgment (Doc. 22) supported by **discovery that was conducted after the filing of the 56(d) Affidavit of Narciso Garcia, Jr.**

**IT IS FURTHER ORDERED** that Plaintiff's supplemental response to Defendant's Motion for Summary Judgment is due fourteen **(14) days after her receipt of the deposition transcripts** of Kimberly Smith, Roxanne Andrews, Diana Gurule, and Defendant's 30(b)(6) representative, or **fourteen (14) days after the entry of this Memorandum Opinion and Order, whichever is later**. However, if Plaintiff has not filed a supplemental response by the motions deadline, **November 8, 2011**, and has not otherwise advised the Court that a supplemental response is forthcoming, the Court will consider Defendant's Motion for Summary Judgment fully-briefed and will thereafter issue its decision on the motion.

**IT IS FURTHER ORDERED** that Defendant may file a **reply** to any supplemental response of Plaintiff **within fourteen (14) days of service of such response**.

_____
SENIOR UNITED STATES DISTRICT JUDGE