IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTINE GRIEGO,

        Plaintiff,

vs.                                                        CIV 11-0192 RHS/KBM

WAL MART STORES EAST L.P.,

        Defendant.

## ORDER ON DEFENDANT'S MOTION TO COMPEL

        THIS MATTER came before the Court on Defendant's Motion to Compel *(Doc. 70)*. The Court has reviewed the motion, the memorandum in opposition and the exhibits submitted by the parties. The Court finds that no reply brief is required for its decision. For the reasons that follow, the Court finds that the motion is well taken and should be granted.

        Plaintiff alleges that while shopping at a Grant's Wal-Mart Store, she slipped on some yogurt on the floor and the fall resulted in a rotator cuff injury to her right shoulder. At her deposition and in her answers to interrogatories, Plaintiff asserted that prior to the incident, she never had an injury to or any pain in that shoulder. Defendant has now come forward with contrary evidence that Plaintiff complained of such pain and actually received treatment to her right shoulder back in 2001.

        Plaintiff objects to certain discovery requests: Interrogatory No. 22 that requests information regarding Plaintiff's credit cards and lines of credit; Request for Production No. 23 that requests documents related to the information responsive to Interrogatory No. 22; and Request for Production No. 24 that requests all documents that Plaintiff and/or her husband

submitted to the party who prepared their taxes for the years 2006-2010 which would include documentation regarding Plaintiff's gambling losses, other losses, and wages.

Defendant relies on the testimony of Dr. Meredick, Plaintiff's treating doctor who also serves as her designated expert. Plaintiff does not dispute that Dr. Meredick testified at his deposition that Plaintiff had not disclosed to him the shoulder pain and treatment in 2001. Neither does she dispute that before giving an opinion on a causation issue, he said it would be helpful to know if a "patient had a history of making poor decisions with money" or "the patient had a gambling problem." *Doc. 75-5* at 6 (referenced deposition transcript that was unavailable when the motion was filed). And, Dr. Meredick confirmed that "medical literature says doctors should be suspicious of secondary gain motivation if a lawsuit is pending when a patient is seeking treatment." *Id.*

At her deposition, Plaintiff gave testimony about the couple's gambling losses during the years of 2006-2010, and she now argues that the information requested is both irrelevant and unduly prejudicial. The Court finds that the information requested is clearly "relevant to any party's claim for defense" which includes evidence of any motivation to not disclose prior pain and treatment to Dr. Meredick or to Wal-Mart and the extent to which gambling has affected the couple's financial condition and Plaintiff's emotional stress. *See* Fed. R. Civ. P. 26(b)(1). Insofar as she argues undue prejudice, that is an issue reserved for admissibility at trial, not discoverability under the Federal Rules of Civil Procedure. *Id.* ("Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to admissible evidence.").

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel *(Doc. 70)* is **granted**, and that Plaintiff provide to Defendant full and complete responses to the identified discovery requests no later than October 28, 2011.

_____
U.S. CHIEF MAGISTRATE JUDGE